IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02264-LTB

GARY ALLEN KEMPER,

    Plaintiff,

v.

COLORADO COURT OF APPEALS,
INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO,
LPR CONSTRUCTION COMPANY AND MILLER SAFETY, and
STATE OF COLORADO ALS,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

    On October 29, 2012, Plaintiff submitted several documents to the Court apparently in an attempt to challenge either the October 18, 2012 Order Imposing Filing Restrictions or the October 2, 2012 Order of Dismissal.  The Court must construe the filings liberally because Plaintiff is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the Court will construe the filings as a Motion to Reconsider and deny the Motion.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to reconsider filed within twenty-eight days after the final

judgment in an action should be considered pursuant to Rule 59(e). *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the time limit set forth under Rule 59(e)). Plaintiff's request was filed within twenty-eight days after both the order of dismissal and the order imposing filing restrictions. Therefore, the filings are construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

Upon consideration of the Motion to Reconsider and the entire file, the Court finds that the Motion is unintelligible and fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action or the order imposing filing restrictions. Accordingly, it is

ORDERED that the filings, ECF No. 27, submitted on October 29, 2012, are construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and the Motion is denied.

DATED at Denver, Colorado, this  1st  day of      November      , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court